# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SHAABAN HAFIZ AHMAD ALI SHAABAN, ) | | |
| ) | | |
| Plaintiff, ) | | |
| vs. ) | 1:12-cv-1040-JMS-MJD | |
| ) | | |
| UNITED STATES OF AMERICA.  ) | | |
| ) | | |
| ) | | |
| ) | | |
| Defendant. ) | | |

## Entry and Notice

The plaintiff was given a period of time in which to pay the filing fee. This was done in the Entry issued on July 30, 2012. The plaintiff seeks reconsideration of this order based on his contentions that it was unauthorized, that he is a victim of government misconduct, and that it is an abuse of discretion to require him to pay the filing fee.

### I.

### A.

Motions to reconsider serve a very limited purpose and are only appropriate for those "rare" situations where the court has "patently misunderstood a party," has decided an issue outside the scope of adversarial presentation, has "made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)(citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)).

### B.

The plaintiff's contentions as noted above do not support the relief he seeks. His rule 41(g) motion for the return of personal property was filed after the underlying criminal action was voted and he is well aware of Circuit precedent

requiring that such a motion be processed as a new civil action so as not to circumvent provisions of the Prison Litigation Reform Act of 1995. *See United States v. Norwood,* 602 F.3d 830 (7th Cir. 2010); *United States v. White*, 582 F.3d 787, 806 n.3 (7th Cir. 2009); *Chairez v. United States*, 355 F.3d 1099, 1100 (7th Cir. 2004); *United States v. Howell,* 354 F.3d 693, 695 (7th Cir. 2004). The existence of this precedent explains why the courts order was authorized and why its issuance cannot be sensibly understood as an abuse of discretion.

This leaves for consideration the plaintiff's contention that, as a victim of government misconduct, he should not be compelled to pay the filing fee. This contention is unavailing because the law permits him an avenue to seek redress for wrongful conduct such as he suggests in his motion for return of property, just as the law recognizes a rainbow of civil remedies for a universe of alleged wrongs, but imposes on him, just as with any other litigant, the obligation to pay the filing fee. If he prevails, he may recover his costs, including the filing fee, *see* 28 U.S.C. § 1920, but that has not yet occurred.

Thus, even if the plaintiff has fairly characterized himself as a victim, he bears the responsibility at this point to pay the filing fee.

## II.

The motion to reconsider the Entry of July 30, 2012 [6], is denied.

**IT IS SO ORDERED.**

Date: 08/15/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Shaaban Hafiz Ahmad Ali Shaaban
No.07797-028
Florence – Admax USP
Inmate Mail/Parcels
PO Box 8500
Florence, CO 81226

Shaaban Hafiz Ahmad Ali Shaaban
499-a Paragon Way
Greenfield, IN    46140